MEYER–FORSTER REALTY CO. v. READ
et al. (No. 5875.)

(Court of Civil Appeals of Texas. San Antonio.
May 30, 1917.)

1. CONTRACTS ⊚�churchⓄ327(1)—AGREEMENT TO TAKE
UP NOTES—CONDITIONS PRECEDENT.

Under contract whereby plaintiffs authorized
defendants to sell land, $1,000 to be paid on approval of title by purchaser and execution of
deed and placing of it in the C. Bank, balance
of purchase money to be paid on or before January 1, 1915, with provision that vendor's lien
notes might be executed for balance, and, if executed, should be taken up by defendants on or
before such date, in which event plaintiffs should
execute a transfer to them of the notes, plaintiffs, to recover on the agreement, need not have
presented the notes to the purchasers, nor have
delivered to them the deed placed with the bank;
these being things for defendants to do.

[Ed. Note.—For other cases, see Contracts,
Cent. Dig. §§ 1563–1570.]

2. TRIAL ⊚⟶141 — DIRECTING VERDICT—UNDISPUTED FACTS.

There being no disputed issue of fact for the
jury, a verdict may be directed.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. § 336.]

3. APPEAL AND ERROR ⊚⟶1064(3)—HARMLESS
ERROR—REDUCING INSTRUCTION TO WRITING.

There is no injury not reducing to writing
an instruction which is a mere direction of a verdict.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 4223.]

4. APPEAL AND ERROR ⊚⟶215(1) — REVIEW —
OBJECTION BELOW—FUNDAMENTAL ERROR—
REDUCING INSTRUCTION TO WRITING.

Failure to reduce to writing an instruction
directing verdict is not a fundamental error
which can be reviewed in absence of objection in
trial court.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 1309, 1310; Trial, Cent.
Dig. § 685.]

Appeal from District Court, Jackson County; John M. Green, Judge.

Action by L. M. Read and another against
the Meyer-Forster Realty Company, a partnership. Judgment for plaintiffs, and defendants appeal. Affirmed.

McCrory & Vance, of Edna, and H. H.
Sagebiel, of George West, for appellants.
Gaines & Corbett, of Bay City, for appellees.

FLY, C. J. This is a suit by L. M. Read
and W. E. Read, his wife, to recover of appellants, a partnership, the sum of $5,174,
alleged to be due on a certain contract. A
verdict was instructed for appellees, and upon the verdict judgment was rendered for
appellees in the sum of $5,007. ,

The suit is founded on the following contract signed by appellants and appellees on
April 28, 1914:

"The State of Texas, County of Jackson:

"This memorandum of agreement entered into
by and between L. M. Read and wife, W. E.
Read, and the Meyer-Forster Realty Company,
all of the county of Jackson, witnesseth:

"That the said L. M. Read and wife do hereby give the said Meyer-Forster Realty Company

authority to sell the following described tract or
parcel of land, situate, lying, and being in Jackson county, Tex., the same being a part of the
John Davis league survey, and containing about
ninety eight (98) acres, and the same property
now standing in the name of said L. M. Read
and occupied by him and his family, for the
sum of $63.00 per acre. Of the purchase price,
the sum of $600.00 shall be paid in cash on the
approval of title by the purchaser and the execution of the deed conveying said property to said
purchaser and the placing of the same in the
Citizens' State Bank of Ganado, Tex., and at
the same time $400.00 more of the purchase
price shall be paid, less, however, interest on
said $400.00 at the rate of 8 per cent. per annum from such date to the 1st day of January,
A. D. 1915, and the balance of the purchase·
price shall be paid on or before the 1st day of
January, A. D. 1915, but for such balance, or
any part thereof, vendor's lien notes may be executed by the purchaser, and if such notes are
executed the said Meyer-Forster Realty Company shall take up said notes on or before the 1st
day of January, A. D. 1915, without cost or
expense to the said Read, but in that event the
said Read agrees to execute a proper written
transfer of said notes to either the Meyer-Forster Realty Company or such party as they may
designate.

"And the said L. M. Read and wife agree to
convey the above-described property to the said
Meyer-Forster Realty Company or to such party
as they may designate, and to furnish a complete
abstract of title to said property; but the Meyer-Forster Realty Company shall add their commission to the net consideration above mentioned,· the same to be due and payable upon the
final closing of the deal."

Appellants, acting under that contract, sold
the land to Otto Steinke for $2,000 in cash
and for eight promissory notes amounting in
the aggregate to $5,007. A deed was executed by appellees to Otto Steinke and deposited with appellants and by them deposited in the Citizens Bank of Ganado with the
notes as provided in the contract. The notes
were executed, which appellant agreed "to
take up" on or before January 1, 1915. They
were not paid for by appellants. Appellees
were at all times ready to make a written
transfer of the notes to appellants or any
party designated by 'them, and on February
23, 1916, the transfer was executed by appellees. Everything connected with the trade
was controlled by appellants. About one
thousand dollars of the cash payment was
turned over to appellees. A transfer of the
notes was tendered into court by appellees.
All the facts were uncontroverted.

[1] The case against appellants is clearly and succinctly stated in the petition, and
it was not subject to general or special demurrer. The notes were executed and delivered in full compliance with the terms of the
contract, and no more should be demanded.
The notes were given to appellants, who
made the trade and performed everything in
connection with it. It was appellants' business to deliver the notes to Steinke, and not
that of appellees. The law as to the delivery of a deed cited by appellants has no reference to the facts of this case. The deed
was delivered in strict compliance with the

terms of a contract which appellants seek to evade. Every condition precedent placed on appellees by the contract was performed by them. Appellees did not promise to deliver the deed to the vendee, but to a designated bank, and they so delivered it, through appellants.

[2-4] There was no disputed issue to be decided by a jury, and the court very properly instructed a verdict for appellees. Appellants were not injured by that instruction not being reduced to writing. There were no intricate points of law in the instruction of the study of which they were deprived by the instruction not being written. No instructions were requested by appellants, nor reasonably could have been for there were no issues to submit. There was no objection urged in the lower court to the failure of the court to put the instruction in writing, and there is nothing fundamental about it.

There is no merit in the appeal, and the judgment is affirmed.